# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **ANITA BERRY**             ) | |
| )                            | |
| **Plaintiff,**            ) | |
| )                            | |
| v.                         ) | **CIVIL ACTION NUMBER:** |
| )                            | **JURY TRIAL DEMANDED** |
| **FIRST STATE BANK OF DEKALB** ) | |
| **COUNTY, INC.; EQUIFAX**   ) | |
| **INFORMATION SERVICES, LLC;** ) | |
| )                            | |
| **Defendants.**           ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Anita Berry, by and through undersigned counsel, and for her complaint against the Defendants states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

### JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p, and 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C.

§1391 (b).

## STATEMENT OF THE PARTIES

1. Plaintiff, Anita Berry, is over the age of nineteen (19) years and is a resident of the city of Fort Payne in DeKalb County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant First State Bank of DeKalb County, Inc. (hereinafter referred to as "First State Bank") is a domestic corporation. First State Bank does business and has at all pertinent times done business in this Judicial District.

4. Equifax Information Services, LLC (hereinafter "Equifax") is a foreign limited liability company organized under the laws of the State of Georgia and has a principal place of business in the state of Georgia. Equifax does and has at all pertinent times relevant herein done business in this district.

5. Equifax is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

6. Upon information and belief, Defendant Equifax is regularly engaged in the business of assembling, evaluating and disbursing information

      concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

7. Upon information and belief Equifax disburses consumer reports to third parties for monetary compensation.

8. A substantial portion of the events herein occurred in this judicial district.

## STATEMENT OF FACTS

### *Background*

9. At some time prior to the events made the basis of this lawsuit, Plaintiff, with her husband Robert Berry, applied for and received a mortgage loan with Defendant First State Bank.

10. In the course of having the mortgage loan, Plaintiff failed to make payments in June and July 2017. Plaintiff made a nine hundred dollar ($900.00) payment on the loan on August 25, 2017. This payment included the full amount of the regular payments for June, July and August 2017, as well as the associated late charges and, as such, resolved any delinquencies and brought the loan current.

11. On September 18, 2017, the Plaintiff paid the loan off in full.

12. In December 2017 or January 2018, Plaintiff applied for a mortgage

loan to finance the purchase of a new home.

13. Despite the payment in August 2017 and the payoff in full in September 2017, Plaintiff, in the course of attempting to finance the purchase of a new home, learned that her First State Bank account was being reported as 60 days delinquent as of September 2017.

14. As a result of the inaccurate information being reported on her credit report, Plaintiff was denied the mortgage to purchase a new home .

15. On January 31, 2018, Plaintiff wrote to Equifax disputing two items on her credit report.  One of the disputes involved the inaccurate information regarding her First State Bank account being 60 days delinquent as of September 2017.

16. Plaintiff, in the dispute letter to Equifax, included the loan payment history for the First State Bank loan and the Full Satisfaction of Recorded Lien filed by First State Bank on September 21, 2017.

17. Equifax purportedly reinvestigated the Plaintiff's dispute and reported the results of its so-called reinvestigation to the Plaintiff on or about February 8, 2018.

18. Equifax did not remove or correct the inaccurate 60 day delinquency notation appearing on Plaintiff's Equifax report for the First State

Bank account trade line.

19. The inaccurate information published by Equifax and First State Bank negatively reflected on Plaintiff, her financial responsibility as a consumer and her credit worthiness and caused or contributed to cause her to be denied a mortgage loan.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT EQUIFAX

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

22. Equifax's intentional refusals to conduct appropriate reinvestigation violated 15 U.S.C. § 1681i(a)(1)(A).

23. Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful

reinvestigation; by failing to forward all relevant information to First State Bank; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable.

24. As a result of this wrongful conduct, action and inaction of Equifax, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and embarrassment.

25. Equifax's refusal to perform an appropriate reinvestigation and their subsequent conduct was both willful, rendering this Defendant liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

26. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681 et seq. AS TO DEFENDANT FIRST STATE BANK

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. First State Bank violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Equifax inaccurate information regarding the status of an account it knew or should have known was not 60 days delinquent as of September 2017; by failing to fully and properly investigate the Plaintiff's dispute; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to all credit reporting agencies; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the First State Bank representations to the consumer reporting agencies.

29. As a result of First State Bank's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental and emotional pain and anguish, humiliation and

embarrassment.

30. First State Bank's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, First State Bank was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

31. The Plaintiff is entitled to recover costs and attorney's fees from First State Bank in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

 /s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

/s/ *John C. Hubbard*
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**

**JOHN C. HUBBARD, LLC**
P.O. Box 953
Birmingham, AL 35201
Telephone: (205) 378-8121
Facsimile: (205) 690-4525
jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
Mrs. Anita Berry
P.O. Box 680604
Fort Payne, AL 35968

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**FIRST STATE BANK OF DEKALB COUNTY, INC.**
c/o Registered Agent
Douglas L. Crowe
500 Gault Ave. South
Fort Payne, AL 35967

**EQUIFAX INFORMATION SERVICES, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104