# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| ANITA BERRY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | )   18-CV-00356-JEO |
| | ) |
| FIRST STATE BANK OF | ) |
| DEKALB COUNTY INC;  ET AL, | ) |
| | ) |
| DEFENDANTS. | ) |

## REPORT OF THE PARTIES' PLANNING MEETING

1.     Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a planning meeting by email and telephone.  The planning meeting results were finalized on April 27, 2018.  The participating counsel were as follows:

John C. Hubbard for Plaintiff Kaori Scherer

Lea Mosley Hicks for First State Bank of DeKalb County Inc.

Jeffrey McLaughlin for First State Bank of DeKalb County Inc.

Kirkland E. Reid for Equifax Information Services LLC

(a)    Plaintiff's brief narrative statement of the facts and the causes of action:

Plaintiff had a mortgage loan account with Defendant First State Bank of DeKalb County Inc. ("First State Bank or FSB").  Plaintiff fell behind in payments around June-July 2017 and brought the account completely current in August 2017.  Plaintiff paid the loan off in September 2017.  When Plaintiff applied for a new home loan in late 2017-early 2018, Defendants were reporting Plaintiff delinquent on her account as late as September 2017.  The inaccurate information led to Plaintiff being denied the loan.  Plaintiff disputed the inaccurate account with Defendant Equifax Information Services LLC ("Equifax").  However, the information remained on her credit file.

Plaintiff alleges these actions by Defendant First State Bank violated applicable state law.  Plaintiff further claims that Defendant First State Bank furnished and verified the inaccurate information with Defendant Equifax in violation of the FCRA.

Plaintiff alleges that the Defendant Equifax negligently or willfully failed to comply with the provisions of the FCRA in and about their reinvestigation of the account by failing to properly investigate and delete the inaccurate information after Plaintiff's dispute.

**(b)    Defendants' brief narrative statement of the facts and defenses:**

<u>Defendant First State Bank of DeKalb County Inc.:</u>

Defendant First State Bank of Dekalb County, Inc. ("FSB") is a consumer reporting agency under the FCRA. FSB complied with the FCRA in reporting Plaintiff's credit history and in investigating Plaintiff's dispute. FSB took no action which caused the Plaintiff any damage or harm, and is not liable to the Plaintiff for any damages alleged in this case.

Equifax Information Services LLC:

Equifax is a consumer reporting agency as that term is defined by the FCRA. Equifax maintains that it complied with the FCRA in its handling of Plaintiff's credit file, including responding to Plaintiff's disputes. Equifax denies that it is liable to Plaintiff in any manner and denies that it caused Plaintiff to suffer any damages.

2. **Pre-Discovery Disclosures.** The parties will exchange by **May 18, 2018,** the information required by Federal Rule of Civil Procedure 26(a).[1]

3. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan[2]:

(a) Discovery will be needed on the following issues

---

[1] All documents exchanged in this case will be done so in the .pdf format when practicable.

[2] The parties agree, to the extent possible, that service of discovery can be perfected by email and which does not have to be followed by duplicative service through regular U.S. Mail. Further, service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system with no party requiring service by U.S. Mail.

(1) Plaintiff will need discovery including but not limited to the following subjects: all facts alleged in the Complaint and any subsequently filed Amended Complaint, including but not limited to the Defendants' activities, relationship with any other party to the lawsuit, and the Defendants' policies and procedures.

(2) Defendants will need discovery including but not limited to the following subjects: all facts alleged in the complaint, including but not limited to the Plaintiff's alleged damages (both economic and non-economic) and basis for claims of relief and any proof of the same, the accuracy of the accounts at issue, communications between Plaintiff and the Defendants, reinvestigations conducted by the Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate her alleged damages,  causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts

and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report, and any other issues raised by the pleadings or discovery.

Defendant FSB will also need discovery on Plaintiff's loan and credit history, Plaintiff's mortgage loan application for which she was denied, Plaintiff and her husband's credit history generally, any litigation or other claims against Plaintiff and/or her husband and/or any collection actions or other evidence of non-payment or slow payment of debt.

(b) All discovery shall be commenced in time to be completed by – **January 25, 2019.**

(c) A maximum of twenty-five (25) interrogatories by each party to any other party. (Responses due as required by the Federal Rules of Civil Procedure).

(d) A maximum of twenty-five (25) requests for production by each party to any other party. (Responses due as required by the Federal Rules of Civil Procedure).

(e) A maximum of twenty-five (25) requests for admission by each party to any other party. (Responses due as required by the Federal Rules of Civil Procedure).

(f) A maximum of five (5) depositions for each party (not to include expert witness depositions), excluding depositions upon written questions.

(g) Reports from retained experts under Rule 26(a) (2) shall be due:

(1) From the Plaintiff by **July 13, 2018**; depositions of Plaintiff's experts to be completed by **September 14, 2018.**

(2) From the Defendants by **September 7, 2018**; depositions of Defendant's experts to be completed by **October 5, 2018, 2018.**

(h) Supplementations under Rule 26(e) shall be due on **October 26, 2018.**

(i) Disclosure of discovery of electronically stored information (ESI) should be handled as follows:

    (1)    The production of ESI should be done in .pdf format when practicable.

    (2)    If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable other parties to assess the applicability of the privilege or protection.

    (3)    All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

4. **Other Items.**

(a) The parties do not request a conference with the court before entry of the scheduling order.

(b) The parties request a pre-trial conference on or about **April 2019.**

(c) Plaintiff should be allowed **June 15, 2018** to join additional parties and amend the pleadings.

(d) Defendant should be allowed until **July 20, 2018** to join additional parties and amend the pleadings.

(e) All potentially dispositive motions should be filed by **February 22, 2019.**

(f) Settlement of the case may be possible, but at this time alternative dispute resolution procedures do not appear to be necessary.  If any of the parties believe the use of alternative dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

(g) Witness and Exhibit lists under Rule 26(a)(3) shall be due **30 days** prior to trial.  The parties will have **14 days** after receipt of Witness and Exhibit Lists to list objections under Rule 26(a)(3).

(h) The case should be ready for trial by **April 2019** and should take approximately two (2) to three (3) days to try.

(i) The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other

papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

/s/ John C. Hubbard
John C. Hubbard
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203
(205) 378-8121
(205) 690-4525 Fax

/s/ Kirkland E. Reid
Kirkland E. Reid Jones
Walker Waechter Poitevent Carrere & Denegre LLP
11 N. Water Street, Suite 1200
Mobile, AL 36602

(251) 439-7513
(251) 433-1001 Fax

/s/ Jeffrey McLaughlin
Jeffrey McLaughlin
/s/ Lea Mosley Hicks
Lea Mosley Hicks
McLaughlin Edmondson & Hicks, LLC
321 Blount Avenue Guntersville, Alabama 35976
(256) 582-2520
(256) 582-2667 Fax